BOSTON PENNY SAVINGS BANK *vs.* MOSES B. L. BRADFORD.

Middlesex.   March 5, 1902. — April 2, 1902.

Present: HOLMES, C. J., KNOWLTON, MORTON, BARKER, & LORING, JJ.

*Assignment*, For the benefit of creditors. *Bills and Notes.   Surety.   De minimis.*

Where the maker of a promissory note has made a voluntary assignment for the benefit of creditors, and the holder of the note on receipt of dividends amounting to sixty-seven per cent of his claim gives the trustee a release of all demands against him, this does not release the maker from his liability for the unpaid balance of the note, and the liability of a surety on the note is diminished only so far as he may have suffered loss by the release.

In an action against a surety on a note, the judge directed a verdict for the plaintiff for the full amount claimed, whereas, to have been strictly accurate, he should have left to the jury the question, whether the defendant had been prejudiced, and if so how much, by a release given by the plaintiff to an assignee for the benefit of creditors of the maker of the note on receipt of a part of his claim. But it appeared, that the only possible loss to the defendant from this cause was such proportional part of twelve or fifteen dollars as the plaintiff's claim of about $8,000 bore to the whole fund of $1,660,000 which had been received and disbursed by the trustee, and it did not appear that the attention of the judge had been directed to this possibility of loss. *Held*, that the defendant's loss, if any, from the error was too trifling to be of consequence and an exception to the ordering of the verdict was overruled.

CONTRACT against a surety for the balance due on a promissory note of the Assabet Manufacturing Company, originally for $25,000.   Writ dated January 2, 1900.

At the trial in the Superior Court *Aiken*, J. directed a verdict for the plaintiff in the sum of $8,145.21, apparently the full amount claimed; and the defendant alleged exceptions.

The instrument of release, relied upon by the defendant in the manner stated by the court, was as follows:

"I hereby acknowledge that I have received from Edward N. Fenno, Arthur B. Silsbee and Jeremiah Williams, assignees of the Assabet Manufacturing Company, a third dividend, being twelve per cent of the amount of my claim, as presented to the said assignees, to wit: $3,032.08, and in consideration thereof I hereby release the said assignees, and each of them, and the estate of the Assabet Manufacturing Company in their hands, from all claims and demands which I have against them or either of them.

" Witness my hand and seal: Provided that this release shall not affect in any way the claim of the Boston Penny Savings Bank against the directors or shareholders of the Assabet Mfg. Co., and that if it shall have such effect it shall be void. Boston Penny Savings Bank, by its Treasurer, Wm. H. Durkee." (Corporate seal.)

*F. L. Norton,* for the defendant.

*P. Keyes,* for the plaintiff.

KNOWLTON, J. The defendant signed the note in suit as a surety, and his defence is that he has been discharged from liability by the plaintiff's execution of an instrument under seal running to the assignees of the Assabet Manufacturing Company, the principal on the note, releasing them from all claims and demands against them or either of them. The assignees held under a voluntary assignment of this corporation for the benefit of creditors, and this release was made and delivered for the payment to the plaintiff of three dividends, amounting in all to sixty-seven per cent of the note, and the payment of like dividends to other creditors who were parties to the assignment, the whole amount received and disbursed by the assignees in the execution of their trust being $1,660,000.

It is not contended that the defendant was discharged from liability by the plaintiff's becoming a party to the assignment, for the sixteenth article of the assignment expressly saves all rights of creditors to any security held by them, and also their rights against sureties. The defendant treats the release of the trustees as if it were a release of the corporation that made the assignment; but it does not affect the liability of the corporation for the unpaid balance of the note. It purports only to release the assignees from liability on account of the property that came into their hands. It is not like the release of a principal, which, if made without reservation, releases the surety also. It is merely an acknowledgment of satisfaction as to certain property held by the trustees for the security of the plaintiff. It cut off the right of the plaintiff and also of the surety afterward to resort to any part of that property. If the defendant was prejudiced by the plaintiff's giving up of the security which should have been held for the payment of the balance of the note, his liability is diminished to the extent of the loss from the release

of the property, but it is not affected beyond that.  *Baker* v. *Briggs*, 8 Pick. 122.  *American Bank* v. *Baker*, 4 Met. 164, 177. *Guild* v. *Butler*, 127 Mass. 386.  This rule of law disposes of the defendant's requests for rulings, which were all founded on a different view of the decisions.

The only remaining question is whether the defendant can take anything by his exception to the ruling given.  The judge directed the jury to return a verdict for the plaintiff.  This we understand to have been for the full amount remaining unpaid. There was evidence that at the time of making the last dividend the trustees "retained in their hands about two thousand dollars to cover such legal and incidental expenses as might come in closing the accounts."  There was nothing to indicate that this sum was more than was reasonably necessary for that purpose. It also appeared that they then had in their hands some old claims which they considered of no value, and that they subsequently received on account of one of these twelve or fifteen dollars.  Beyond this sum it does not appear that there was any valuable property or assets in their hands which was applicable to the claims of creditors.  The plaintiff might have been entitled to such proportional part of this sum of twelve or fifteen dollars as its debt was of the whole indebtedness of about $1,600,000.  To say nothing of the impracticability of making a new dividend for such a small sum, the plaintiff's share would be insignificant.  To have been strictly accurate, the judge should have left to the jury the question whether the defendant was prejudiced, and if so how much, by the plaintiff's release of its interest in this property ; but it is obvious that the attention of the judge was not directed to any such subject, and that the defendant's loss, if any, from the error, is too trifling to be of consequence.  We are of opinion that the entry should be,

*Exceptions overruled.*