NORTH AVENUE SAVINGS BANK *vs.* HERBERT W. HAYES.

Suffolk. January 19, 1905. — May 18, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, LORING, & BRALEY, JJ.

*Bills and Notes. Surety.*

A surety upon a promissory note, which is secured by the note of another person pledged as such security by his co-surety, is not discharged from liability because without his knowledge or consent the maker of the note held as collateral by an arrangement made through the co-surety was allowed to renew it after maturity by giving in exchange another note payable six months later which at maturity was paid only in part, unless he shows that the acceptance of the new note for the note surrendered resulted in some wrong to him, and if it does not appear that had the surrendered note been retained more money could have been collected on it than was collected on the new note.

CONTRACT by a savings bank against a surety and joint promisor upon a promissory note held by the plaintiff. Writ dated November 11, 1901.

In the Superior Court the case was presented upon an agreed statement of facts. That court gave judgment for the plaintiff in the sum of $2,928.39; and the defendant appealed.

The note sued upon was as follows: "$2500.00. Cambridge, Dec. 10, 1895. For value received we Cornelius Dorr as principal, and Cornelius Dorr & Son and Herbert W. Hayes as sureties, jointly and severally promise to pay to the North Avenue Savings Bank, or order, the sum of Twenty-five hun-

dred Dollars, on demand, at the office of said Savings Bank, in Cambridge, with interest at the rate of six per cent per annum, payable semi-annually, on the tenth day of January and the tenth day of July in every year, so long as the said principal sum or any part thereof shall remain unpaid. Cornelius Dorr, Cornelius Dorr & Son, H. W. Hayes. Signed in the presence of Milton L. Walton."

"Secured by note of A. W. Rucker for $2500."

On December 10, 1895, Cornelius Dorr borrowed from the plaintiff $2,500, for which he gave the above note in compliance with the provisions of Pub. Sts. c. 116, § 20, cl. 6. The plaintiff for its further protection also took from the firm of Cornelius Dorr and Son the promissory note of A. W. Rucker, referred to by the above memorandum on the face of the note, dated on or about December 1, 1895, for $2,500, payable in one year to the order of C. Dorr and Son, and by them indorsed generally.

On the maturity of the note of A. W. Rucker held by the plaintiff it was not paid, and Rucker in place thereof executed a renewal note for the same amount, dated December 1, 1896, payable in six months after date to the same firm of C. Dorr and Son, which renewal note was indorsed generally by the firm, and then was delivered to the plaintiff, which surrendered in exchange the Rucker note then overdue and unpaid. The defendant was ignorant of and did not consent to the exchange.

The Rucker renewal note was not paid at maturity, and thereafter the plaintiff caused an action to be brought on it, and obtained judgment, whereon it collected the sum of $700 from Rucker. This sum the plaintiff received on July 21, 1902, and on that date credited it as paid on the note now in suit. Cornelius Dorr failed to pay the note in suit on demand at maturity, and the note has remained unpaid except to the amount of $700 collected on the Rucker note.

It was agreed that if on the facts stated the plaintiff was entitled to recover, judgment might be entered for the plaintiff in the sum of $1,800, with interest on the sum of $2,500 at the rate of six per cent per annum from January 10, 1897, to July 21, 1902, and interest on $1,800 at the same rate from January 21, 1902, to the date of judgment. If the obligation of the

defendant on the note in suit was discharged by any of the acts of the plaintiff judgment was to be entered for the defendant.

*E. D. Sibley*, for the defendant.

*W. E. Hutchins & H. I. Cummings*, for the plaintiff.

BRALEY, J.   If the defendant as one of the makers of the note was jointly and severally liable for its payment, yet it was open to him by way of defence to prove that between the debtors themselves he was a surety, and as this relation fully appears in the body of the instrument, the plaintiff was charged with notice of the fact.   *Fitchburg Savings Bank* v. *Torrey*, 134 Mass. 239.

The note is in the ordinary form without any recitals to show that its payment was secured, and when it was delivered originally there does not appear to have been any agreement to which the defendant was a party that security was to be given for its payment.   As the pledge made by the co-surety was either voluntary, or at least without any understanding with the defendant, the course pursued subsequently by the plaintiff in dealing with the collateral cannot be treated as an alteration of the original contract which in itself operated to discharge him. *Cambridge Savings Bank* v. *Hyde*, 131 Mass. 77, 79.   *Sanderson* v. *Aston*, L. R. 6 Ex. 73.

By virtue of his suretyship, and not because of his contract, upon paying the note he would have been subrogated to the rights of the plaintiff in any securities pledged to secure its payment, though, as in this case, furnished by a co-surety.   *Guild* v. *Butler*, 127 Mass. 386.   *Duncan* v. *North & South Wales Bank*, 6 App. Cas. 1, 19.

But as the equitable right on which this defence rests either at law or in equity is, that a surety shall not lose the benefit of any security held by the creditor if at any time he chooses to pay the debt, this indemnity does not extend beyond the actual damage he may be found to have suffered.   *Worcester Mechanics' Savings Bank* v. *Thayer*, 136 Mass. 459, 462.   *Boston Penny Savings Bank* v. *Bradford*, 181. Mass. 199.

If the plaintiff without his consent surrendered such security, or permitted it to be lost or impaired in value, the defendant would be discharged to the extent of any financial loss he thus is shown to have suffered.   *Beacon Trust Co.* v. *Robbins*, 173 Mass. 261, 272.

The only fact upon which the defendant relies as working his discharge is, that without his knowledge or assent a promissory note of the face value of the principal debt, and held as collateral security for its payment, not having been paid at maturity, was surrendered by the plaintiff with the assent of the co-surety, who was the payee and pledgor, and a renewal note for a similar amount taken in substitution.

Beyond the mere recital of the taking of one note in place of the other, the agreed facts contain no statement upon which this defence can be put.

This is significant, for before the defendant can be exonerated from making payment according to his promise it must be made apparent that by the conduct of the plaintiff in accepting the substitution he suffered an actual, and not a speculative injury. *Coates* v. *Coates*, 33 Beav. 249. *State Bank of Lock Haven* v. *Smith*, 155 N. Y. 185.

It is not stated that the exchange was made otherwise than in good faith, or that at the time it was not a prudent arrangement entered into for the benefit of all parties in interest.

Neither is it shown that the acceptance of one note for the other resulted in any wrong to the defendant, for the value of the collateral held in either form depended upon the ability of the maker to meet his obligation.

If the original note had been retained, it does not appear that it would have been paid within the time covered by the note taken in renewal, or that during that time the solvency of the maker had become impaired, although later, upon suit being brought, only a portion of the note was collected.

By reason of the absence of any affirmative proof that the plaintiff's action deprived him of a benefit that might have arisen if the collateral note had been retained, the defendant fails upon the agreed facts, under which the case is submitted, to make it manifest that he has suffered any monetary loss, and consequently he is not released. *Coleman* v. *Lewis*, 183 Mass. 485. *State Bank of Lock Haven* v. *Smith, ubi supra.* *Eaton* v. *Waite*, 66 Maine, 221. *Bull* v. *Coe*, 77 Cal. 54, 62. *Merchants Ins. Co.* v. *Herber*, 68 Minn. 420, 428.

*Judgment affirmed.*