GEORGE LEWIS & another, executors, *vs.* ANDREAS BLUME.
GORHAM ROGERS & another, executors, *vs.* SAME.

Suffolk.    November 13, 1916. — May 23, 1917.

Present: RUGG, C. J., LORING, DE COURCY, CROSBY, & CARROLL, JJ.

*Bills and Notes.    Surety.    Mortgage,* Of real estate.

Mere inaction and delay on the part of the holder of a promissory note in the enforcement of his rights against the principal debtor without any binding agreement of the holder for such delay does not discharge a surety or one in the position of a surety.

The words "Nov. 1, 1889. The rate of Interest now 5% per annum," written above a promissory note on the same paper at the time of an agreement between the holder and the maker of the note by which the rate of interest was reduced to five per cent per annum, are not a part of the negotiable instrument and do not constitute an alteration of it.

A mere forbearance by the holder of a mortgage note and his failure at the maturity of the note and for a number of years later to foreclose the mortgage securing it are no defence to an action on the note against the maker for a balance due after a foreclosure sale and the application of the proceeds, even if more could have been realized by a prompt foreclosure.

TWO ACTIONS AT LAW, each to recover the balance alleged to be due on a witnessed mortgage promissory note for $10,000, dated November 3, 1875, originally payable in five years (afterwards extended) to the order of the trustees under the will of Horatio Davis, the first action being brought by the present trustees under that will and the second action being brought by the executor of the will of the survivor of the trustees named in the note for the benefit of the present trustees. Writs dated June 18, 1914, and April 20, 1915.

In the Superior Court the cases were heard together by *Fox,* J., without a jury. The material evidence is described in the opinion. The judge found for the plaintiffs in each of the actions, and at the request of the defendant reported the cases for determination by this court, concluding his report with the following statement: "The sole question of law intended to be reserved by this report is whether or not the defendant, upon the facts and circumstances

stated in this report, is discharged from personal liability on said note for the balance remaining due and unpaid thereon."

*A. P. Worthen,* for the defendant.

*H. M. Davis,* for the plaintiffs.

LORING, J.   This is an action to recover the balance due on a promissory note for the sum of $10,000 payable in five years signed by the defendant and dated November 3, 1875. The note was secured by a mortgage on real estate.   On May 3, 1888, the defendant (maker of the note and then owner of the equity of redeeming the mortgage) made an agreement with the then holders of the note by which the rate of interest was reduced to five per cent per annum and the time for payment of the principal was extended to May 3, 1895.   As part of that agreement the defendant agreed to pay the principal on May 3, 1895.   On the day of the agreement of extension or soon after that the defendant conveyed the land subject to the lien of the mortgage.   There was no agreement in this deed by which the purchaser agreed to assume or pay the mortgage debt.   When the debt fell due on May 3, 1895 (under the agreement of extension), the owners of the note did not call upon the defendant (the maker of the note) nor upon the then owner of the equity of redemption to pay the same.   Three thousand dollars was paid on account of the principal in April, 1910. Interest was regularly paid on the note until November, 1912.   At that time there was a default in payment of interest and apparently also in payment of taxes.   The mortgage was foreclosed for breach of condition in December, 1913, and the mortgaged property was bought in by the defendant who paid therefor the sum of $3,500.   The judge found that on December 12, 1913, the amount due on the note was $3,915.69; and the two actions now before us were brought to recover that sum from the defendant, the maker of the note.

The judge who tried the case found that when the mortgage was made in 1875 there was a wooden tenement house upon the land covered by the mortgage and that this house at that time was in good condition and nearly new but that in 1913 when the mortgage was foreclosed it was out of repair and untenantable.   He further found that at the date of the note the mortgaged premises were worth the amount of the debt, namely, $10,000; that in 1895 (when the mortgage debt matured under the terms of the exten-

sion agreement) they were worth not less than $8,900 and that at the time of the foreclosure sale they were worth no more than the $3,500 for which they were bought in by the defendant.

1. The first defence set up by the defendant arises out of an agreement made by the owner of the equity of redemption (one Wood by name) in November, 1912. The judge found that in 1912 the owners of the note took from Wood (the then owner of the equity of redemption) an agreement by which "in consideration of the forebearance to enforce present payment" of the interest then due he (Wood) agreed to pay all taxes then due and to expend at least $1,200 upon the premises "to put the same in repair and in good tenantable order and condition." The defence based upon this agreement is that the defendant's liability for the mortgage debt at that time was in effect that of a surety (since he was only secondarily liable for it, the mortgaged land being the primary fund,) and that under the circumstances he had been released by the holders of the mortgage debt in thus giving time to Wood. It was found by the judge that no binding agreement was made by the holders of the note for the extension of the mortgage; but that this agreement "was a mere unilateral agreement of said Wood; and he failed to perform his agreement." In support of his contention in this connection the defendant has relied on the case of *North End Savings Bank* v. *Snow*, 197 Mass. 339. But in *North End Savings Bank* v. *Snow* the holders of the note made a binding agreement for an extension of the time of payment, and it was expressly pointed out in that case (at page 342) that "mere inaction or delay on the part of the creditor in the enforcement of his rights against the principal debtor will not discharge the surety." There is nothing in this defence.

2. The next defence set up is that there has been an alteration of the note sued on and for that reason it is void within R. L. c. 73, §§ 141, 142. This defence is based on the fact that above the copy of the note as it is printed in the record the following words are to be found: "Nov. 1, 1889. The rate of Interest now 5% per annum." In support of his contention in this connection the defendant has relied upon *Sherman* v. *Connecticut Mutual Life Ins. Co.* 222 Mass. 159. There is nothing in that case which gives countenance to it. No finding was made as to these words. The point seems to have been taken for the first time in this court. For all

that appears these words were written by the defendant. Moreover, the record shows that these words set forth a true statement of the result of the agreement of May 3, 1888.

Passing by these obstacles in the way of making out this defence, the decisive answer to it is that these words are not part of the note. Where words of reference or convenience are written upon the paper upon which a negotiable instrument is set forth they are not part of the negotiable instrument if they are not a part of the words which set forth the obligation of the maker of the instrument. As matter of principle that is clear and it is concluded by authority. *Commonwealth* v. *Bailey,* 1 Mass. 62. *Commonwealth* v. *Stevens,* 1 Mass. 203. *Commonwealth* v. *Taylor,* 5 Cush. 605. *Commonwealth* v. *Costello,* 120 Mass. 358. This defence also wholly fails.

3. The defendant's next contention is that he has been damaged by the plaintiff's failure to foreclose the mortgage on the due date of the note. Nothing is better settled than the proposition that it is the duty of the debtor to pay his debt and that it is not the duty of the creditor to see that it is paid. *Watertown Fire Ins. Co.* v. *Simmons,* 131 Mass. 85. *Welch* v. *Walsh,* 177 Mass. 555. It is accordingly established that mere forbearance to foreclose a mortgage given as security is no defence, even if more would have been realized by the mortgage had it been promptly foreclosed. *Hunt* v. *Bridgham,* 2 Pick. 581. *Agricultural Bank* v. *Bishop,* 6 Gray, 317. The defendant has relied in support of his contention to the contrary, upon what was said by this court in *North Avenue Savings Bank* v. *Hayes,* 188 Mass. 135, at page 137. But there is nothing in the decision nor in the opinion in that case which gives him support. What was referred to in the opinion in *North Avenue Savings Bank* v. *Hayes* is the case where a note is given as collateral. In that case it is the duty of the pledgee of the note to use due care in collecting it. But that is because in such a case the creditor is the holder of the note and the only person by whom it can be collected. The defendant has also relied in this connection upon Jones on Pledges & Collateral Securities (2d ed.), § 713. The statement there made seems to go no further than that made by this court in *North Avenue Savings Bank* v. *Hayes, ubi supra.* If it did, it is a statement which ought not to be followed. There is nothing in *City Bank* v. *Young,* 43 N. H. 457, which helps the plaintiff in this

connection. The other citation relied on by the defendant in this case we have been unable to find.

4. The defendant has taken a technical objection to the maintenance of the second of the two actions now before us. Both actions are brought to collect the same debt in the interest of the same persons. Even if the plaintiff were entitled to a judgment in each action payment of one would be satisfaction of the other. The finding of the judge in each action was for the same amount. No technical objection has been taken to the maintenance of the first action.

Under these circumstances we are of opinion that in the first action judgment for the plaintiff should be entered on the finding and that in the second action judgment may be entered for the defendant. It is

*So ordered.*