GEORGE PORTER *vs.* IDA ENGEL.

Middlesex.  February 6, 1934. — March 27, 1934.

Present: CROSBY, PIERCE, WAIT, FIELD, & DONAHUE, JJ.

*Mortgage,* Of real estate: mortgagor as surety after conveyance. *Surety.*

Where a promissory note was secured by a second mortgage on the maker's land, the maker subsequently sold the land to one who in turn sold it, both purchasers made and the payee of the note accepted certain payments thereon, and after default in payments thereon for a substantial period the first mortgage was foreclosed, the delay by the payee in enforcing his rights against the land under the second mortgage did not thereafter bar him from recovering unpaid instalments on the note in an action upon the note against the maker, if there was no agreement between the payee and either of the purchasers previous to such foreclosure.

In an action for instalments due on the note above described, commenced by the payee against the maker more than four years after payments thereon had ceased and nearly three years after the foreclosure of the first mortgage, recovery was not barred even if the value of the land at the time of default in payments was sufficient to satisfy both mortgages and even if the plaintiff did not notify the defendant of such default previous to the bringing of the action.

CONTRACT. Writ dated December 20, 1932.

The action was heard in the Superior Court by *Greenhalge,* J., without a jury. It appeared in evidence that the first mortgage on the land in question was foreclosed on February 5, 1930. Other material evidence, the judge's disposition of requests by the defendant for rulings, and findings by the judge are described in the opinion. The judge found for the plaintiff in the sum of $2,648.42. The defendant alleged exceptions.

The case was submitted on a brief.

*M. Kabatznick,* for the defendant.

No argument nor brief for the plaintiff.

CROSBY, J. This is an action brought to recover certain instalments due upon a promissory note, secured by a second mortgage on real estate and personal property. The plaintiff alleges that the defendant failed to pay the interest and

principal in accordance with the terms of the note. The defendant's answer, in addition to a general denial and payment, alleges that the defendant conveyed the property upon which the plaintiff had a mortgage to one Schecowicz, subject to a first mortgage and to the mortgage held by the plaintiff; that Schecowicz made payments to the plaintiff, and for a long period thereafter failed to make payments, and that the plaintiff extended the time for making such payments without notifying the defendant; that upon the transfer of the property the defendant became a surety and was entitled to notice of a default in payment by Schecowicz and entitled to notice of extensions given for the payment of any instalments.

There was evidence tending to show that the defendant on April 6, 1926, purchased a certain parcel of land for which she paid $10,200; that it was subject to a first mortgage of $2,529.15; that a deposit of $300 was paid by the defendant to the plaintiff and at the same time an additional sum of $1,751.11 was given him by the defendant and a second mortgage for $5,670, payable $75 quarterly on account of principal, the whole to be paid within nine years with interest at the rate of six per cent payable quarterly; that on February 12, 1927, the defendant sold the property to Schecowicz; that on April 8, 1927, he paid $75 on account of principal and $81.68 interest; that the property was sold subject to a first mortgage of $2,355 held by the Roxbury Cooperative Bank, and subject to a second mortgage of $5,445 held by the plaintiff; that until the defendant sold the property she made the payments promptly in accordance with the terms of the mortgage note held by the plaintiff. There was further evidence tending to show that Schecowicz sold the property on July 30, 1927, to one Anna Rakowski, subject to the first mortgage upon which there was due $2,293.05, and subject to the second mortgage held by the plaintiff upon which there was an unpaid balance of $5,370; that the purchaser bought the property subject to the first and second mortgages; that she made four payments of interest and four on account of principal on the second mortgage, the last being made on November 2, 1928; that thereafter

no payments were made by her, and no notice of any default was given to the defendant of the failure on the part of the purchaser to make payments on account of the mortgage held by the plaintiff; that when the first mortgage was foreclosed the Roxbury Cooperative Bank sold the property to one Biernan who transferred it to the present owner, Michael Rakowski; that no action was taken by the plaintiff to inform the defendant that the note was not being paid in accordance with its terms; and that until this suit was brought the defendant assumed that, as she had received no notice to the contrary, the payments were being made as stipulated.

At the close of the evidence the defendant presented three requests. The first, in substance, was that if the judge found that the plaintiff for a long period did not inform the defendant of any default in making the payments, but accepted payments from the owner of the premises and granted extensions of time without notifying the defendant, she was discharged from liability as matter of law. As to this request the trial judge found and ruled as follows: "I do not find that any extension of time was given by the plaintiff to any subsequent holder of the title to the equity unless a failure to foreclose upon breach of the terms of the mortgage note is so to be construed. I rule it is not to be so construed." The second request, in substance, was that if the judge found the property at the time of any default in payment of principal or interest on account of the mortgage note held by the plaintiff was worth a sum considerably in excess of the first mortgage, and was sufficient to satisfy the second mortgage, and the plaintiff did not notify the defendant of any default in making payments, the judge should rule that the plaintiff cannot recover. This request was refused. The third request, in substance, was that if the judge found that no payments were made to the plaintiff after November 2, 1928, and the plaintiff did not notify the defendant of such default until this action was brought, the plaintiff was barred from recovery on the ground of laches. This request was refused. The finding of the trial judge was as follows: "I do not find that there .was any agreement

entered into between the plaintiff and any of the successive owners of the equity before the foreclosure of the first mortgage. The plaintiff, through the agency of his bank, where the mortgage and note were deposited, received payments from time to time from one or more of such owners and there was delay upon his part or upon that of his agent in enforcing his rights against the property under his mortgage, but I do not understand that such delay affects his rights against the defendant, *North End Savings Bank* v. *Snow,* 197 Mass. 339, 341, and I rule that the plaintiff is entitled to recover in this action." To the refusal of the judge to grant the requests for rulings and to the findings made the defendant excepted.

After the conveyance of the equity of redemption the relation of the defendant to the plaintiff became in a sense that of surety, and if the defendant had paid the mortgage note she would have been entitled to be subrogated. *Sherwood* v. *Warren,* 255 Mass. 206, 210. The circumstance that the plaintiff received payments from time to time from the owners of the equity, and that he delayed in the enforcement of his rights under his mortgage, did not affect or impair his rights against the defendant. ". . . Mere inaction or delay on the part of the creditor in the enforcement of his rights against the principal debtor will not discharge the surety." *North End Savings Bank* v. *Snow,* 197 Mass. 339, 342.

As there was no error in the refusal to grant the defendant's requests, or in the findings and rulings of the judge, the entry must be

*Exceptions overruled.*