WORCESTER MECHANICS' SAVINGS BANK vs. FREDERICK
THAYER.

Worcester.   Oct. 5, 1883. — Feb. 25, 1884.   FIELD & W. ALLEN, JJ.,
absent.

The mortgagor of two parcels of land conveyed them subject to the mortgage, it
being understood between the mortgagor and the grantee that the latter was
to pay the mortgage.  Subsequently the grantee conveyed one of the parcels,
and the mortgagee, understanding and believing that, under the contract be-
tween the mortgagor and his grantee, the mortgage debt was to be primarily
a charge upon the land, released the mortgage as to this parcel on payment
of a sum less than the value thereof, without the consent of the mortgagor,
reserving his right to enforce the mortgage against the remaining parcel.  Sub-
sequently the mortgagee sold this parcel under the power contained in the
mortgage, and brought an action against the mortgagor to recover the balance
due on the mortgage debt.  *Held*, that the action could be maintained notwith-
standing the release.  *Held, also*, that the defendant was entitled to have ap-
plied in payment of the debt the full value of the parcel released, although the
mortgagee in releasing the parcel acted in good faith.

CONTRACT to recover the balance due upon a promissory note
for $6500, dated July 7, 1873, payable on demand to the order
of the plaintiff, and signed by the defendant.  Trial in the
Superior Court, without a jury, before *Knowlton*, J., who found
the following facts :

The note in suit was secured by a mortgage, given to the
plaintiff by the defendant, of two adjoining lots of land in Wor-
cester.  The defendant afterwards conveyed the land to one
William H. Earle, by a warranty deed, which recited that the
consideration paid was $14,000, which was the full consideration
for the whole estate.  The covenants in the deed against incum-
brances and of warranty excepted a mortgage of $6500, which
was the mortgage above named; and Earle paid only the differ-
ence between that amount and $14,000.  At the time of this
purchase, there was an understanding between the defendant
and Earle that the latter was to provide for the mortgage.  The
plaintiff was not informed of this understanding, but, at the
time of the release hereinafter mentioned, understood and be-
lieved that, under the contract between the defendant and
Earle, the mortgage debt was to be primarily a charge upon the
land, and, inasmuch as it was less than the supposed value of

said real estate, that it was expected to be paid by Earle for the protection of his property. Afterwards Earle sold one parcel of the mortgaged premises to one Henry for $2500, and paid $2000 of that sum to the plaintiff, which was indorsed on the note, retaining the balance; and the plaintiff thereupon released to Earle all its right, title, and interest to said parcel under the mortgage, reserving its right to enforce the mortgage against the remainder of the estate. There was no evidence that the plaintiff had any knowledge· or notice that Henry paid more than $2000 for the land. The defendant had no knowledge or notice of this release until after it was made, and never consented to it. Subsequently, the plaintiff sold the remainder of the premises, under the power in the mortgage, for a sum insufficient to pay the debt.

The judge found that, by said release, the defendant was damaged to the amount of $500; and that he was entitled to be credited with that sum on the note; found for the plaintiff for the balance due on the note, after deducting said sum; and reported the case for the determination of this court.

If the finding for the plaintiff was erroneous in law, it was to be set aside, and such judgment entered as law and the facts require; otherwise, judgment for the plaintiff for the amount of the finding.

*F. P. Goulding & F. H. Dewey, Jr.,* for the plaintiff.

*G. F. Hoar, (H. F. Harris* with him,) for the defendant.

DEVENS, J. The principle ·which the defendant seeks to maintain is, that the right of the mortgagee to recover, in an action upon the mortgage debt, depends upon the condition of restoring the mortgaged property, or enabling the mortgagor to enforce his equitable lien upon it, if he has parted with his equity of redemption but is entitled to avail himself of such lien for his personal security; and therefore, that if the mortgagee releases or conveys any of the mortgaged property, except according to the terms or under the authority of the mortgage, there remains no personal liability of the mortgagor for the debt which the mortgage was made to secure. Such would appear to be the English rule. *Palmer* v. *Hendrie,* 27 Beav. 349. *Walker* v. *Jones,* L. R. 1 P. C. 50. *Wulff* v. *Jay,* L. R. 7 Q. B. 756. *Polak* v. *Everett,* 1 Q. B. D. 669.

This rule goes further than is necessary for the protection of the mortgagor, and we are referred to but one case in this country in which it appears to have been followed. In *Townsend Savings Bank* v. *Munson*, 47 Conn. 390, it was held that where a mortgagee had released, without the consent of the mortgagor, to a third party, a portion of the premises, the mortgagee had assumed the risk of the sufficiency of the portion retained to pay the mortgage debt, and could not maintain an action against the mortgagor to make good the loss. But as it appeared that the mortgagee had originally received in mortgage land of sufficient value to pay the mortgage note, a case was presented where, without the authority of the mortgagor, the mortgagee had disposed of property held as security to the full amount of the mortgage debt.

It is certainly the duty of the mortgagee not to release any security which he may hold, if the mortgagor is thereby exposed to personal liability for the debt secured, which he would not otherwise incur. Where the mortgagor conveys the equity of redemption, upon the contract that the purchaser shall pay the mortgage debt, or under such circumstances that the purchaser must pay it if he would protect his property, the mortgagor has the right to have the mortgaged property applied to its payment. If there are several parcels of land included in one mortgage, the mortgagor cannot complain if the mortgagee release one or more of them for the benefit of those who may own the equities of redemption therein, if the mortgagee is satisfied to rest upon the security thus diminished; but the mortgagor is entitled to complain, if, having provided the mortgagee with sufficient security, such security is released, if thereby a personal liability to pay the debt is permitted to remain upon him, while the means which he has provided for meeting it have been disposed of. But it is not easy to see why he has any just ground of complaint beyond the extent to which he is thus injured. A creditor is bound to devote the securities he has received from his principal debtor to the payment of his debt, for the benefit and protection of the surety, but the latter has no right to insist that his liability is wholly discharged because the principal releases the securities, unless they were sufficient to have fully paid the debt.

As the surety is entitled, upon paying the debt, to subrogation to all the securities which the creditor may have acquired for the payment, it results that, if this right is rendered unavailing by the act of the creditor, the surety is discharged to the extent that he has been injured. *Baker* v. *Briggs*, 8 Pick. 122. *American Bank* v. *Baker*, 4 Met. 164. *Fitchburg Savings Bank* v. *Torrey*, 134 Mass. 239. But he should not be further discharged than this, as he thus receives full indemnity for all the injury he can sustain.

The position stated in *Palmer* v. *Hendrie, ubi supra,* if taken literally, that, independently of the relation of the mortgagor and assignee of the equity to each other, or of the principles applicable to the case of principal and surety, there is a right on the part of the mortgagor to have the estate restored to him on payment of all that is due, is not intelligible when applied to the case in which the mortgagor has parted with his equity of redemption. In such case the estate, by reason of his own act, could not in any event be restored to him. All that could be possible, if the mortgagee had not released the mortgaged property, would be, upon payment, to assign to the mortgagor the security, that he might be subrogated thereto, in order thus to enforce the debt which he had charged thereon. If the only purpose for which he could have the security would be to relieve him from his personal debt, by using it to enforce an equitable lien upon the property, the equity of redemption in which he had conveyed to one who was bound to pay it, or upon whose estate it was charged, every right is preserved to him when the mortgagee is compelled to account to him for its full value, if so much be necessary in order to relieve him. It is all that he could have obtained, if, being compelled to pay the debt, he had become the equitable assignee of the mortgage. *Kinnear* v. *Lowell*, 34 Maine, 299. *Gibson* v. *Crehore*, 5 Pick. 146.

When the mortgagor has not parted with his equity, so that the payment of the mortgage would operate to restore the estate to him, some reasons might be suggested, independently of the actual value of the estate, why this should be so, not necessary now to be considered. They have no application when he has thus parted with the equity, and when all that remains to him is

the right to have the value of the mortgage security applied to reduce his personal debt.

In this Commonwealth it has heretofore been held, that, after a foreclosure, the mortgagee may recover the balance of his debt above the value of the premises; and although, since the Revised Statutes, such recovery will open the foreclosure, this is only in behalf of the person entitled to redeem the premises. *Newall* v. *Wright*, 3 Mass. 138, 150, 154. *Amory* v. *Fairbanks*, 3 Mass. 562. *Hedge* v. *Holmes*, 10 Pick. 380, 381. *West* v. *Chamberlin*, 8 Pick. 336, 338. *Draper* v. *Mann*, 117 Mass. 439, 441. *Wing* v. *Hayford*, 124 Mass. 249. Rev. Sts. *c.* 107, § 33. Gen. Sts. *c.* 140, § 36. Pub. Sts. *c.* 181, § 42. These cases must proceed upon the principle, that, if the mortgagor has had the full benefit of the security furnished by him, his liability for the debt beyond the value of that security still continues.

While the mortgagor is not entitled, in our opinion, to be discharged from his personal liability for the debt, except to the extent to which he has been injured by the act of the mortgagee, the plaintiff contends that, even to that extent, the defendant is not so entitled, upon the facts as they appear in the case at bar. To this we cannot assent. The facts, as they are found on sufficient evidence, are that the mortgagee knew that the mortgagor had sold the mortgaged property to Earle upon the understanding that the mortgage debt would be primarily a charge upon the land. Even if it did not know of any contract between Earle and the mortgagor that Earle should pay the debt, it was still responsible so to apply its security as to protect the mortgagor. To require this duty of a mortgagee only when he knows of a contract that the purchaser of the equity shall pay the debt, is not enough. If he disposes of the security which the mortgagor has placed in his hands, without the consent of the mortgagor, it is but just that he should compensate the mortgagor to the extent that by his act he has caused the mortgagor to be damnified. While there is a difference between a contract that the assignee of the equity shall actually pay the mortgage debt, and a contract that the estate shall remain charged with the debt, so that the assignee must necessarily pay it if he would protect his property, in either case the mortgagor is entitled to the benefit of this security.

The plaintiff further contends that, if it released the parcel to Earle in good faith, it is sufficient if the amount received from him is applied to the reduction of the mortgage debt; and this has already been done. But this release having been made without the authority or consent of the mortgagor, and being thus wrongful, so far as he was concerned, there is no reason why the plaintiff should not deduct from its debt an amount which shall compensate for the diminution in value of the security furnished by the mortgagor, whether this proceeds from the fact that it did not obtain the full value of the lot, or because its sale has impaired the value of the other lot which was included in the mortgage and immediately adjoined it.

Whether the foreclosure of the remainder of the estate was correctly conducted, and some other points taken at the trial, were not relied on in argument, and do not require discussion.

*Judgment on the finding.*