# MARCUS NORTON, ADMR.,

v.

# FRANK S. HENRY ET AL.

JANUARY TERM, 1895.

*When release by mortgagee may discharge mortgagor who has conveyed.*

If a mortgagor conveys the mortgaged premises upon condition that the grantee shall assume and pay the mortgage, and the grantee subsequently conveys a part of the same premises, which the mortgagee releases upon receiving the proceeds and applying them upon the mortgage, the mortgagor is not thereby discharged from the balance of the mortgage debt.

Debt on bond. Heard upon the report of a referee at the September term, 1894, Washington county, MUNSON, J., presiding. Judgment for the plaintiff for the sum found due. The defendant excepts.

*Dillingham, Huse & Howland* for the defendant.

When Mower accepted the deed of the equity of the defendants he became in equity the principal on this bond, the defendants being sureties. *Belmont* v. *Coman*, 22 N. Y. 438; *Marsh* v. *Pike*, 10 Paige Ch. 595; *Paine* v. *Jones*, 76 N. Y. 278; *Cornell* v. *Prescott*, 2 Barb. 16; *Comstock* v. *Drohan*, 71 N. Y. 12; *Flagg* v. *Gillmacker*, 98 Ill.

293 ; *Thorp* v. *Coal Company*, 48 N. Y. 256 ; *Bentley* v. *Vanderheyden*, 35 'N. Y. 680 ; *Russell* v. *Pister*, 3 Seld. 171 ; *Ferris* v. *Crawford*, 2 Denio 595 ; *Marsh* v. *Pike*, 10 Paige 595.

The mortgaged premises were the primary fund for the payment of this indebtedness. *Johnson* v. *Zink*, 51 N. Y. 336 ; *Jumel* v. *Jumel*, 7 Paige 591 ; *Halsey* v. *Reed*, 9 Paige 453 ; *Marsh* v. *Pike*, 10 Paige 595 ; *Cherry* v. *Monroe*, 2 Barb. Ch. 629.

The plaintiff's testate by releasing the land discharged the defendants. 1 Sto., Eq. Jur., s. 325 ; *Baker* v. *Briggs*, 8 Pick. 122 ; *Craythorne* v. *Swinburn*, 14 Ves. 162 ; *Hodgson* v. *Shaw*, 3 M. & K. 183 ; *Matthews* v. *Aiken*, 1 Comst. 539 ; *Bangs* v. *Strong*, 4 Comst. 315 ; *Classen* v. *Morris*, 10 Johns. 539 ; *Hayes* v. *Ward*, 4 Johns. Ch. 130 ; *Townsend Savings Bank* v. *Munson*, 47 Conn. 399 ; *Cummings* v. *Little*, 45 Me. 187 ; *Glazier* v. *Douglass*, 32 Conn. 399 ; *Remick* v. *Ludington*, 14 W. Va. 383 ; *Rosborough* v. *McAliley*, 10 S. Car. 245 ; Pom., Eq. Jur., 1419.

*H. W. Kemp* and *John H. Senter* for the plaintiff.

The defendants claim no more than the full value of the mortgaged premises, and this they get under the report of the referee. *Savings Bank* v. *Thayer*, 136 Mass. 459 ; Jones, Mort., s. 678a.

START, J.    The defendants executed a mortgage of the High Rock Spring premises at Saratoga Springs, N. Y., conditioned for the payment of thirteen thousand eight hundred and seventy-five dollars, and gave their joint and several bond conditioned for the payment of the same sum. Defendants Frank S. Henry and Harvey R. Henry conveyed their shares in the equity of redemption in the premises to one Mower, and Mower assumed and agreed to pay

the mortgage debt pro rata according to the interest of his grantors. Mower and defendant Lance quit-claimed the entire premises to Walter S. Henry, and he conveyed the same to one Young. Young mortgaged the entire premises to the plaintiff's testate to secure the payment of the sum of three thousand dollars. The mortgage and bond so executed by the defendants were duly transferred to the plaintiff's testate. Young conveyed a part of the premises, known as the Front street property, to Tromlees for two thousand seven hundred and fifty dollars. This sum was paid to the plaintiff's testate, and by him applied upon the debt secured by Young's mortgage; and he, without the knowledge of defendant Harvey R. Henry, released the property conveyed to Tromlees from the mortgage executed by the defendants. The plaintiff brought suit to foreclose the defendants' mortgage, and the property not conveyed to Tromlees was duly sold, and the proceeds applied upon the debt evidenced by the defendant's bond and mortgage. The referee, with the consent of the plaintiff, applied the two thousand seven hundred and fifty dollars received for the Front street property upon the debt evidenced by the defendants' bond, and found a deficiency with interest of two thousand one hundred thirty-one dollars and sixty-four cents, and awarded that the plaintiff recover this sum of defendant Harvey R. Henry; and the court below rendered judgment accordingly.

Defendant Harvey R. Henry claims that he was released from further liability upon his bond by the discharge of the Front street property from his mortgage. No other defence is suggested in the defendants' brief, and this is the only question we are called upon to consider. While the authorities upon this question are conflicting, we hold that defendant Harvey R. Henry was not discharged from further liability upon his bond. When a mortgagor, who is personally liable for the mortgage debt, conveys the mortgaged

premises subject to the mortgage incumbrance, and his grantee assumes and agrees to pay the mortgage debt as between the parties, the grantee becomes the principal debtor, the mortgagor the surety, and mortgaged premises the primary fund for the payment of the mortgage debt; and the mortgagor has a right to have the premises applied to its payment.   Under such circumstances a mortgagee, having notice of such agreement, has no right to release any security which he holds, if the mortgagor is thereby exposed to a personal liability for the mortgage debt which he would not otherwise incur; and if, under such circumstances, he does dispose of the mortgage security or any part of it without the mortgagor's consent, he must see to it that the mortgagor is not thereby damnified.   If he does thus protect the mortgagor, the mortgagor has no just ground for complaint; and he is not discharged from personal liability for the balance of the debt.   He cannot claim immunity from the mortgage debt beyond the extent of his injury.   *Worcester Mechanics Savings Bank* v. *Thayer*, 136 Mass. 459.

*Judgment affirmed.*