## JENNIE C. BARNES ET AL. *vs.* GEORGE A. UPHAM.

Third Judicial District, Bridgeport, April Term, 1919.
PRENTICE, C. J., RORABACK, WHEELER, BEACH and GAGER, Js.

A conveyance of the equity of redemption in land which the grantor has twice mortgaged, leaves him no interest therein which entitles him to notice of the pendency of a suit to foreclose the first mortgage; nor is the second mortgagee under any equitable obligation to give the former owner notice of such suit, since the security held under the second mortgage had already been made subject to foreclosure and extinguishment by the owner's own act in giving the first mortgage,—a liability which was known to both parties when the second incumbrance was placed upon the premises.

Such a situation is not analogous to that of a pledgee who allows the pledge to be taken out of his hands on the demand of a stranger without notifying the pledgor and thus affording him an opportunity to defend.

In this State a mortgagee is not bound to tender or offer a release of the mortgage until the debt is satisfied; and until paid he may foreclose, sue in ejectment, or bring an action on the note.

In the present case it appeared from the finding that one of the four notes in suit had been assigned by the plaintiff to a third person to secure an indebtedness which remained unpaid, and that it was not in the plaintiff's possession but in the hands of one who was not a party to the suit. *Held* that such a finding justified and required the conclusion that the plaintiff had not sustained the burden of proving her ownership.

Submitted on briefs April 9th—decided June 11th, 1919.

ACTION in four counts to recover the amount of four promissory notes, brought to the Superior Court in Fairfield County where a demurrer to the " special defenses" of the answer was sustained, *Curtis, J.*, and the cause was afterward tried to the court, *Warner, J.;* facts found and judgment rendered for the plaintiff Barnes to recover $4,967, and for the coplaintiff, the Citizens National Bank, to recover $5,533, from which the plaintiff Barnes and the defendant each appealed. *No error.*

The complaint is in four counts. The first, second and fourth counts are on notes executed and delivered by the defendant. The third count is on a note originally executed by the plaintiff to one Partree, which the defendant afterward agreed in writing to assume and pay.

In addition to the usual admissions and denials, special defenses were pleaded. The first special defense, covering all four counts, was that all of the indebtedness in question had been attached in the hands of the defendant by garnishment proceedings in an action still pending and undetermined in the Superior Court. This defense was eliminated by making the garnishee a party to the action, and is not now insisted upon.

A second special defense to the first count alleges that on the date of the note the defendant owned certain real estate in Waterbury subject to a first mortgage; that the note counted on was secured by a second mortgage of these premises; that the defendant afterward parted with his equity in said premises; that thereafter, and while the plaintiff still held the note and the second mortgage, proceedings to foreclose the first mortgage were brought, to which the plaintiff was a party and defendant not; that plaintiff failed to redeem and gave defendant no notice of the pendency of the action, but permitted the second mortgage security for the note to be extinguished, though it was of great value. Under this defense it is alleged that the defendant was damaged in the sum of $3,000.

By way of counterclaim, a second special defense to the third and fourth counts alleged that the note given by the plaintiff to Partree was a mortgage note, that in the assignment of the note back to the plaintiff the security was also assigned, and that if the defendant is compelled to pay the note he is entitled to an assign-

ment of the mortgage security. The same claim—that it is a mortgage note and if the defendant is compelled to pay he is entitled to an assignment of the mortgage as security—is asserted as to the note described in the fourth count.

A third special defense to the third and fourth counts alleged that the plaintiff has pledged the notes in question, which are still held by pledgee, and that the defendant has been notified by pledgee and will be liable to the pledgee if compelled to pay the plaintiff. This defense also was eliminated by making the pledgee a party, and is no longer relied on.

All of the special defenses were successfully demurred to.

The Citizens National Bank of Waterbury—the plaintiff creditor referred to in the first special defense and the pledgee referred to in the third special defense to the third and fourth counts—was made a party to the action, and filed a pleading stating its claims as creditor and pledgee.

The cause went to trial on the defendant's admissions and denials, and judgment was rendered against the defendant on the first, third and fourth counts for $10,501.01, payable in part to the plaintiff and in part to the pledgee bank; and against the plaintiff on the second count. Both parties appealed. Other facts are sufficiently stated in the opinion.

*Nathaniel R. Bronson, Lawrence L. Lewis* and *Charles E. Hart, Jr.,* for the appellant (defendant).

*Carl Foster* and *Frederick E. Morgan,* for the appellant (plaintiff).

BEACH, J. The second special defense to the first count is based on the theory that the defendant, after

having parted with the equity of redemption, was entitled to notice of the pendency of the proceedings for the foreclosure of the first mortgage, and that it was the duty of the second mortgagee, if she elected not to redeem, to give such notice in case she desired to hold the defendant on the note.

Neither of these propositions is sound. In the first place, the defendant, by a conveyance of the equity, had parted with his entire interest in the premises. As the record title stood he had no interest in the premises sufficient to give him a standing in the foreclosure proceedings, and therefore was not in law entitled to notice.

Nor was the second mortgagee under any equitable obligation to give the defendant notice. The case is not analogous to that of a pledgee who allows the pledge to be taken out of his hands on the demand of a stranger without notifying the pledgor to give him an opportunity to defend. Independently of the fact that the plaintiff never had physical custody of the premises, the security which she held had been already, by the defendant's own act, subjected to be taken on foreclosure before the second mortgage was executed. Consequently both the parties to the second mortgage knew that the first mortgage was liable to be foreclosed, and that the security of the second mortgage was liable to be extinguished by such foreclosure. Admittedly, it was not the duty of the plaintiff to protect the defendant against the extinguishment of the security of the second mortgage note. Defendant knew all the facts, and the plaintiff was legally and equitably entitled to assume that if he chose to part with the equity and with his right to notice of foreclosure proceedings, he would protect his own interests in his own way. The answer does not expressly allege whether the defendant has or has not done so by requiring the grantee of the equity to assume and agree to pay the second mort-

gage note. But the material consideration is that he had full knowledge of the risk which he ran when he parted with the equity in the premises. Presumably he received a satisfactory consideration for assuming that risk. At any rate, he was not dependent upon, and therefore was not entitled to, any assistance from the second mortgagee in looking after his own interests.

The second special defense to the third and fourth counts stands on the claim that as a condition of recovery on the mortgage notes, the plaintiff must tender or offer an assignment of the mortgage security. That is not our law. The mortgagee has always been permitted to bring foreclosure, ejectment, or an action on the note. 2 Swift's Digest, 167. He is not bound to tender or offer a release of the mortgage until the debt is satisfied. Resort to a court of equity in order to compel a release is no longer necessary, for by § 5105 of the General Statutes the execution and delivery of a release of the mortgage, after written request and satisfaction thereof, is required under a penalty for failure to do so.

Turning now to the plaintiff's appeal from the judgment for defendant on the cause of action stated in the second count, the finding of facts is that the note for $1,900, described in the second count, was assigned by the plaintiff to a third party to secure an indebtedness of $500, that the plaintiff has not paid the $500 for which the note was pledged as collateral security, and that the note was not in the possession of the plaintiff at the time of the trial, but is now "in the hands of some other person, and was produced upon notice by her to counsel of defendant, having passed by indorsement through the hands of several parties, and neither the Waterbury Coal & Lumber Company [the original pledgee] nor the true holder of the note is a party to the case." The finding that the plaintiff was

not the "true holder" of this note, justifies and requires the conclusion that the plaintiff had not sustained the burden of proving her ownership.

There is no error.

In this opinion PRENTICE, C. J., RORABACK and WHEELER, Js., concurred.

GAGER, J. (dissenting in part). While I concur in the result reached by the majority of the court so far as the disposition of the case upon the pleadings is concerned, I must, with great deference to the other members of the court, record my dissent with respect to the discussion of the second special defense to the first count, and the legal propositions upon which the case is decided so far as this defense is concerned.

By the pleadings it appears that the defendant owned the property subject to a first mortgage. Contrary to the assumption in the opinion, it does not appear, either expressly or by implication, that the defendant himself gave this mortgage. The defendant, while such owner, gave a second mortgage to the plaintiff to secure the note sued on in the first count of the complaint. Thereafter the defendant parted with his equity. The first mortgagee then brought foreclosure, making the plaintiff, the second mortgagee, a party, but not making the defendant, who had parted with his equity, a party defendant in the foreclosure suit. The present defendant, having parted with his equity of redemption, was not a necessary party in the foreclosure of the first mortgage. Unless he gave the first mortgage, which does not appear, he was not even a proper party. The service of process in the foreclosure suit made the present plaintiff chargeable with notice that the defendant had no legal notice of the pendency of the foreclosure suit in which the interest in

the property being foreclosed, mortgaged by him to the second mortgagee, was liable to be taken away, leaving the defendant still personally liable on the second mortgage note. The answer also alleges that the present plaintiff, who was a defendant as second mortgagee in the foreclosure suit, gave no notice to the present defendant of the pendency of this foreclosure suit, and "either knowingly and wilfully, or by her carelessness and neglect," allowed her second mortgage to be extinguished by her failure to redeem, without giving notice to the defendant of the pendency of the foreclosure.

The trial court sustained the demurrer to the answer upon the ground that these facts did not constitute a defense to the note. With this conclusion I agree. Whether the claim undertaken to be set forth in the second special defense to the first count now under discussion is sound or unsound, it is not, as a matter of pleading, a defense to the note, but is the basis of a counterclaim for damages suffered by the defendant through the negligence of the plaintiff, and should have been pleaded as such. The plaintiff and defendant had made two contracts, one evidenced by the note and one by the conveyance for security. The defendant complained of a violation of an equitable duty under the second contract. One right of action cannot be a bar to another right of action. It may be used by way of counterclaim and is available only in that way. *Cooper* v. *Simpson*, 41 Minn. 46, 16 Amer. St. Rep. 667; *Taggard* v. *Curtenius*, 15 Wend. (N. Y.) 155. Hence the ruling of the trial court upon the pleadings was right.

The majority opinion goes much further. It assumes that the statement of facts as a defense in bar is proper pleading, and, as is quite unnecessary for the determination of this case, takes the broad ground that, under the circumstances stated, the plaintiff owed no

duty to give notice to the defendant of the pendency of the foreclosure and the danger of loss of the interest in the property mortgaged by him to her to secure the note sued upon, while the plaintiff still continued to look to him for the payment of the note. No authorities are cited in support of this proposition. This is not conclusive, but as I read the cases they point the other way.

The allegation is that the plaintiff wilfully or negligently permitted the loss of the security without notifying the defendant so that the defendant, if he saw fit, could save all or a part of the value of the security furnished by him and standing in the plaintiff's name. The alleged loss to the defendant was $3,000. The plaintiff then held a mortgage title on this land of the value of $3,000. Equity will not permit her to wilfully or negligently suffer this title, vested in her, which represents substantial value to the defendant, to be wiped out without notice to him, and then enforce payment on the note without allowance to the defendant by way of counterclaim for the damages the negligence has caused him. The defendant, having parted with his equity, became a stranger to the title, having first carved out an interest in the property to secure the plaintiff's note. Upon subsequent payment of the note he was entitled to be subrogated to the rights of security which the plaintiff held. If these rights had disappeared through the negligence of the plaintiff, the result is that the security and the note have become dissociated, the security, without fault on the part of the second mortgagor, the present defendant, going to the benefit of the first mortgagee under his foreclosure, and the note remaining in the hands of the second mortgagee as a personal claim in full against the maker.

I am unable to subscribe to a doctrine that involves such a result, and the correct disposition of this case

does not require such a decision. The opinion seems to admit, in substance, that such is the rule in the case of a pledge, but that the present situation is not analogous to that of pledge, and that the rule does not apply in the case of a real estate mortgage. I do not see any difference so far as this distinction is urged. In both cases the security in the hands of the creditor is held in trust for the payment of the debt. That there is no such distinction, seems to have been held in *New London Bank* v. *Lee*, 11 Conn. 112.

I admit that it was not the duty of the plaintiff to protect the defendant against the extinguishment of the security of the second mortgage note. I do not admit that she could wilfully or negligently permit this to be done without notice to her mortgagor, who otherwise, to her knowledge had no notice that such extinguishment would take place, so that he might protect himself if he saw fit.

A mortgagor has a perfect right to convey his equity of redemption, and, having done so, has the right to have the mortgaged property applied to the payment of the mortgage debt, so far as necessary for his protection against personal liability for the debt secured. 2 Jones on Mortgages (7th Ed.) §§ 676, 678a. In *Townsend Savings Bank* v. *Munson*, 47 Conn. 390, Munson mortgaged sufficient land to a bank to secure payment of his note and afterward conveyed the equity to Wood; upon his assumption of the note the bank released its claim on part of the security. The court held that there remained in Munson the right to have both the note and Wood's agreement protected by that security, and said (p. 399): "If the bank compels him to pay the note, it must restore the security to him; unless it is able to do this it must content itself with the proceeds of the land retained." In *Worcester Mechanics Savings Bank* v. *Thayer*, 136 Mass. 459, our case of *Townsend Savings*

*Bank* v. *Munson, supra,* is cited with approval. The rule above stated is adopted, and it is held that the assumption of the mortgage by the purchaser of the equity does not affect the mortgagor's rights and that the fact that the mortgagee released in good faith will not protect him. In other words, the mortgagor is under no obligation to make any indemnity contract with his vendee, as is suggested in the majority opinion. This does not affect his rights against his mortgagee. The court in that case said (p. 463): "While there is a difference between a contract that the assignee of the equity shall actually pay the mortgage debt, and a contract that the estate shall remain charged with the debt, so that the assignee must necessarily pay it if he would protect his property, in either case the mortgagor is entitled to the benefit of this security." See also *North Avenue Savings Bank* v. *Hayes,* 188 Mass. 135, 137, 74 N. E. 311. Of course, a mere transfer of the equity leaves the land charged with the debt. In 2 Jones on Mortgages (7th Ed.) § 879, it is said: "After a mortgagor has sold his equity of redemption he has the same right as any third person to purchase and take an assignment of the mortgage, and upon payment of a prior incumbrance he is entitled to be subrogated to the rights of the holder of such incumbrance; and this right of subrogation is not defeated by his having taken a second mortgage as security for the payment of the original mortgage debt. If the mortgagee, with knowledge of the mortgagor's right to have the property applied to the payment of the mortgage debt, does anything to impair this right, as, for instance, if he releases a portion of the mortgaged premises, he must suffer the loss himself, by being deprived to that extent of his right of recourse to the mortgagor, who, in such case, stands in the position of a surety." See *Hart* v. *Chase,* 46 Conn. 207.

The mortgagor in such case, having ceased to be in-

terested as owner, in the land he mortgaged, is entitled, upon payment of his note, to have returned to him the security he placed in plaintiff's hands; that the security was created by deed rather than delivery of physical possession can make no difference. If the plaintiff by her act, whether in good faith or not, without the consent of the defendant, has become unable to turn back the security received, the plaintiff must, by way of counterclaim or set-off, allow as against the amount due on the note the damage caused the defendant by her inability to turn back the security. If the plaintiff would have been liable in the way stated upon a voluntary release without defendant's consent, she cannot be permitted to work the same result by wilfulness or negligence. She is equally liable when, having notice herself that the security is in danger from foreclosure of a prior mortgage, and being chargeable with notice that the defendant is not a party to the foreclosure suit, she wilfully or negligently fails to give the defendant notice of the pending foreclosure.