HORACE H. GOODWIN *vs.* J. FREDERICK JACKSON.

Third Judicial District, Bridgeport, October Term, 1921.
WHEELER, C. J., BEACH, GAGER, CURTIS and BURPEE, Js.

In a suit upon the defendant's written guaranty of a promissory note for $500 in which the plaintiff's assignor was payee, and which was secured by a third mortgage, the defense was that by the acts hereinafter stated the defendant was discharged. It appeared that upon foreclosure of the second mortgage, the plaintiff, without the defendant's knowledge, entered into an agreement with the owner of the equity and the second mortgagee, pursuant to which the latter, upon obtaining title absolute, reconveyed to the owner, who made a payment reducing his indebtedness, gave back a second mortgage for the reduced amount, and then gave a new note and third mortgage to the plaintiff for $500. The trial court found that the plaintiff received this new note and mortgage "in substitution of and as collateral for" his original note and mortgage. Later, when the second mortgage was again about to be foreclosed, the plaintiff released his note in return for $290 received from the then owner of the premises, although their value, as the court found, was in excess of all the mortgages. *Held* that by taking the substitute note and mortgage after the first foreclosure, the plaintiff had not injured the defendant, but, on the contrary, had increased the security for his benefit, by securing the reduction of the prior indebtedness; but that his later conduct in releasing ample security for less than the amount due, caused the defendant to lose his right of subrogation thereto, and thereby discharged him from further liability on his guaranty.

Argued October 26th, 1921—decided March 29th, 1922.

ACTION by the indorsee against the guarantor of a promissory note, to recover the amount thereof with interest, brought to and tried by the Court of Common Pleas in New Haven County, *Simpson, J.;* facts found and judgment rendered for the defendant, from which the plaintiff appealed. *No error.*

On August 28th, 1914, George Jackson gave the following note: "New Haven, Connecticut, August 28, 1914. For value received, I, George Jackson, promise to pay to the order of Fanny Bender five hundred dollars, payable as follows, viz: in successive semi-annual payments of fifty dollars each, commencing with the first payment six months from the date hereof, and continually semi-annually thereafter until said principal sum is fully paid, with interest on the principal unpaid at the rate of six (6) per cent per annum payable semi-annually, together with all taxes assessed upon said sum against said payee or the holder of this note.

"Provided, however, that if any of the payments of interest or principal shall remain in arrear and unpaid for the space of fifteen (15) days after the same shall fall due as aforesaid, the principal of this note shall immediately thereafter, at the option of the holder thereof, become due and payable on demand. George Jackson."

Before delivery the defendant executed the following guaranty upon this note: "For value received, I hereby for myself, my heirs, executors and administrators guarantee the payment of the within note, principal and interest, until fully paid according to its tenor, without requiring any notice of non-payment or demand for payment, whereby to charge me or my heirs, executors or administrators therefor. Dated at New Haven, Conn., August 28, 1914. J. Frederick Jackson."

To secure this note, George Jackson, maker, gave

the payee, Fanny Bender, a third mortgage on property on Lenox Street, New Haven. Fanny Bender, on December 14th, 1914, indorsed this note to the plaintiff and assigned to him the third mortgage to secure the note. There were then three mortgages on the property, a first mortgage of $3,000, a second mortgage of $825, and the plaintiff's mortgage of $500. The mortgaged property was worth about $4,500. George Jackson, mortgagor, conveyed the equity to one Larsen.

In June, 1915, Katie Freedman, the assignee of the second mortgagee, brought foreclosure, making Larsen, Goodwin, owner of the third mortgage by assignment, George Jackson, and the defendant, parties defendant. On October 5th, 1915, title became absolute in Freedman, and she thereupon conveyed to Larsen and he gave her a new second mortgage for $625, having already paid $200 on the mortgage being foreclosed; and the present plaintiff not having redeemed, Larsen pursuant to agreement with him gave him a new note for $500 and a new third mortgage to secure the note.

This note was identical in form and terms with the original Jackson note to Fanny Bender, except that it was dated October 5th, 1915, and the times for payment ran from that date. This note and mortgage were accepted by the plaintiff as a substitute security for the original George Jackson mortgage, but the plaintiff did not surrender the original Jackson note which contained the guaranty sued upon. The present defendant, though a party defendant to the foreclosure suit, had no knowledge of the arrangement between the plaintiff and Larsen as to the third mortgage until after it had been executed and delivered. Thereupon Larsen conveyed his equity in the mortgaged property to one Sheronas, and soon after Freedman, the new second mortgagee, brought a new foreclosure of the

new second mortgage, making the plaintiff, new third mortgagee, and Sheronas, both defendants, and while this suit was pending the plaintiff released the third or Larsen mortgage to Sheronas for $290. Defendant had no knowledge of this transaction until after its completion, when plaintiff notified defendant that he would credit the $290 on the original Jackson note on which defendant was guarantor, and demanded of the defendant payment of the balance of the original note. The plaintiff offered no evidence of the value of the property mortgaged, but it appeared that the property was worth about $4,500, which was substantially in excess of the face value of the three mortgages including the plaintiff's which he had released for $290.

*Kenneth Wynne*, for the appellant (plaintiff).

*Thomas R. Fitzsimmons*, for the appellee (defendant).

GAGER, J.  The defendant in writing, unconditionally guaranteed the payment of an instalment note for $500, secured by mortgage given by George Jackson to Fanny Bender.  The plaintiff, by assignment, became the owner of the note so guaranteed, and of the mortgage.  The defendant claims that as the result of certain transactions of the plaintiff the guarantor has been released from all liability on his guaranty. The trial court held that the defendant was so released, and the appeal raises the question whether any of the plaintiff's actions with respect to this mortgage deed operated to release the defendant from his guaranty on the note.

The question is as to the effect of the transaction resulting in the new third mortgage by Larsen to the plaintiff.  The court, as a conclusion from the subordinate facts, found that this Larsen note and mort-

gage were given and received by the plaintiff in substitution for and as collateral for the Jackson note and
mortgage. The plaintiff claims that by this finding
the court intended to hold that as a fact the transaction with Larsen was a discharge of the original
note and the acceptance of Larsen's note and mortgage
in its place, and therefore was a discharge of the defendant as guarantor of the original note. The language
"in substitution for and as collateral for," standing by
itself, is ambiguous. We think a study of the facts
will show, however, that the construction claimed by
the plaintiff is not the true construction of the conclusion found by the court. Before the foreclosure the
plaintiff had three sources from which to obtain payment: George Jackson, the maker, the land on Lenox
Street mortgaged by Jackson to the plaintiff, and the
defendant guarantor. The plaintiff never gave up the
note with defendant's guaranty on it, nor did he agree
to do so. By his arrangement with Katie Freedman,
who foreclosed her second mortgage, he did agree to
permit the mortgage to be foreclosed without redemption by him, upon receiving Larsen's note for the same
amount, and a third mortgage on precisely the same
property, but a better mortgage than the Jackson
mortgage because of the fact that Larsen had paid
$200 in reduction of a prior mortgage. The consideration for the Larsen note was the agreement of the plaintiff not to redeem, but to accept the new note and mortgage as a substitute for the lien of the Jackson
mortgage, bettered in value by the $200 paid on the prior
mortgage. Whatever there was in value in the Lenox
Street mortgage, was created by Jackson's mortgage
to Bender, assigned to the plaintiff. The plaintiff,
under the new mortgage, retained that value to be
applied on the original Jackson note, although the
mortgage transaction had changed its form. The mort-

gage was still a collateral for the payment of the original Jackson note on which the defendant was guarantor. The plaintiff had done nothing to discharge the guarantor (*Continental Life Ins. Co.* v. *Barber*, 50 Conn. 567; *State Bank* v. *Smith*, 155 N. Y. 185, 49 N. E. 680), but as matter of fact had improved his security. This security had originally proceeded from George Jackson, and it is still to be applied for the benefit of the Jackson note, which evidenced the only consideration on which the plaintiff could base his claim to the mortgage security in its new form as well as in the old. While the arrangement between Larsen and the plaintiff would have been more accurately shown by a new mortgage from Larsen to the plaintiff to secure the original Jackson note, yet the finding as to the purpose of the new mortgage is so clear, that we think the effect really intended should be given to the new transaction. It appears that after the plaintiff got the Larsen note and mortgage, plaintiff's attorney informed defendant of what had taken place, and told defendant if he could collect anything on the new note he would do so. While defendant as well as plaintiff was made a party defendant in the new foreclosure suit, he did nothing to protect himself on the original mortgage, though no party to the plaintiff's arrangement, but when this arrangement was brought to his attention he evidently assented to it.

The plaintiff, Goodwin, was under no obligation to take any active steps to keep the mortgage alive or to redeem. What he did do was voluntary in preserving the security as a substitute to which, upon the facts found, the defendant become subrogated. The transaction really amounted to a redemption. Spencer on Suretyship, §§ 246 and 247; *Home Savings Bank* v. *Shallenberger*, 95 Neb. 593, 146 N. W. 993; *Hall* v. *Way*, 47 Conn. 467; Pingrey on Suretyship & Guaranty (2d Ed.) §§ 130, 364.

After the transaction with Larsen had taken place, Larsen conveyed his interest in the property, subject to the third mortgage, to one Sheronas. Freedman again brought foreclosure of her second mortgage and made plaintiff a defendant as third mortgagee. Unlike the substitution agreed to on the first foreclosure, the plaintiff, on the second foreclosure, took active steps to realize on the mortgage, and released his Larsen mortgage given for $500 to Sheronas, for the sum of $290. Plaintiff did not consult with the defendant or procure his assent, but, after the mortgage had been released, notified the defendant and demanded payment of him of the balance of the guaranteed note. The court found the value of the mortgaged property in excess of the three notes. The effect of the finding is to show that the plaintiff released ample security for less than the amount due. The right of the defendant to be subrogated to the security of value enough to protect him, was thus lost. This was in violation of the plaintiff's duty to the defendant, and it was this act of the plaintiff that discharged the guarantor from further liability. Spencer on Suretyship, § 246.

There is no error.

In this opinion the other judges concurred.