## The First National Bank and Trust Company of New Haven vs. William S. Strong.

Third Judicial District, Bridgeport, October Term, 1930.

Maltbie, Haines, Hinman, Banks and Avery, Js.

Argued October 29th—decided December 12th, 1930.

August 30, 1929.

The First National Bank & Trust Co.
42 Church Street
New Haven, Connecticut.
Gentlemen:

In order to avoid the delay and expense involved in foreclosing the second mortgage which I hold on the Strong Apartments, 318-

*Andrew D. Dawson,* for the appellant (defendant).

*Arthur W. Chambers,* for the appellee (plaintiff).

BANKS, J.  A mortgagor who has conveyed his equity of redemption has a right to have the mortgaged property applied to the payment of the mortgage debt so far as necessary for his protection against personal liability for the debt secured.  2 Jones on Mortgages (8th Ed.) § 839.  The mortgagee is not, however, obliged to tender an assignment of the mortgage security as a condition of recovery upon the note. *Barnes* v. *Upham,* 93 Conn. 491, 495, 107 Atl. 300. The mortgagor may justly complain if his personal liability upon the note is allowed to remain, while the means which he has provided for meeting it has been disposed of.  But all that he would be entitled to, if the mortgage had not been released, would be the right

---

320 Orange Street, New Haven, Connecticut, upon which property your bank holds a third mortgage, I am willing to make the following agreement with you.

If you will now give to me a quit-claim deed of all your interest in the property, the deed to run either to me or to my wife, as I may elect, I will agree that if the property is sold within a period of eighteen months from the date of the quit-claim deed at a price sufficient to pay off the first and second mortgages with interest, together with the difference between any expenditures I may have had to make in connection with the property and the income received from it, the bank shall be entitled to receive so much of the balance as may be necessary to pay off its third mortgage with interest.

The bank shall be at liberty during said period of eighteen months to find a purchaser, and I will agree to sell to any such purchaser at the direction of the bank at a price which will enable the first and second mortgages to be paid off with interest plus any excess of expenses in the management over income.

I also agree that the bank may itself, at its option, redeem the property during said period of eighteen months by paying off the first and second mortgages with interest and reimbursing me for any such excess of expense over income.

Very truly yours,
Louis A. Soldan.

to have it assigned to him, upon his payment of the debt, so that he may avail himself of such security as the mortgage affords in obtaining reimbursement. He has no right to insist that his liability is wholly discharged because the mortgagee releases the mortgage which is the security for the debt, unless the security was sufficient to have fully paid the debt. He is discharged only to the extent that he has been injured. *Worcester Mechanics Savings Bank* v. *Thayer,* 136 Mass. 459; *Norton* v. *Henry,* 67 Vt. 308, 31 Atl. 787; 2 Jones on Mortgages (8th Ed.) § 839. It follows that the release of the mortgage by the mortgagee is not a bar to his action to recover upon the note from the mortgagor, but that the latter may, in such action, set off against the amount due on the note whatever damage he has suffered by reason of the loss of the security.

That was the extent of the defendant's rights in this action. He was not harmed by the failure to receive notice of the plaintiff's intention to release the third mortgage. He was entitled in this action to set off against the amount due on his note the value of the security which was lost by the plaintiff's quitclaim deed of its interest in the property to Bertha Soldan. He did not claim such set-off in his answer, and, if he had, it would not have availed him, since the court has found that the security was absolutely without value, and that finding is not attacked. The case of *Townsend Savings Bank* v. *Munson,* 47 Conn. 390, upon which the defendant relies, is not, upon the facts there present, an authority in support of his claim that the release of the mortgage is an absolute bar to an action upon the debt, even though the security parted with was worthless and the defendant was in no way damaged by the plaintiff's action. In that case the plaintiff mortgagee had ample security for the full

amount of the note which was $3000 and, without the knowledge or consent of the defendant, released a portion of the mortgaged land, the portion retained being of the value of only $1155. The action was brought against the mortgagor to recover only the unsecured balance of the note, and, in its conclusion that the plaintiff could not recover, the court reached the same result as if, in an action for the full amount of the note, the defendant had been permitted to set off the value of the security released.

The defendant further claims that the plaintiff is not entitled to judgment on the note because it still retains an interest in the property by virtue of the agreement made with Soldan, the second mortgagee, at the time that it quitclaimed its interest in the property to his wife, and that the value of that interest cannot be determined until February 28th, 1931. That writing was merely the personal agreement of Soldan, who was not the owner of the equity of redemption, and the plaintiff did not thereby acquire any interest in the property itself. If the plaintiff should hereafter receive anything under the Soldan agreement, applicable upon the third mortgage, it concedes that the defendant, having paid the note, would be entitled to any such avails of the mortgage given to secure it. The conveyance of the plaintiff's interest in the property to Bertha Soldan, and the taking of the agreement from her husband, did not have the effect of discharging the defendant from liability upon his note in this action.

There is no error.

In this opinion the other judges concurred.