LUCIANO SANTORO *vs.* JACOB KLEINBERGER.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

632

Argued October 5th—decided November 15th, 1932.

*Zalmon S. Hirsch,* with whom was *Henry Green-stein,* for the appellant (defendant).

*Francis P. Guilfoile,* for the appellee (plaintiff).

BANKS, J.  The complaint alleged that the plaintiff conveyed to the defendant certain real estate in Waterbury subject to two mortgages which the defendant expressly assumed and agreed to pay, that the defendant has transferred the property to a third person who did not assume the mortgages, and has refused to pay the second of the two mortgages, and that the plaintiff is held responsible by the holder thereof and will be obliged to pay the same.  In an answer by way of counterclaim the defendant alleged that the holder of the first mortgage on the property had foreclosed that mortgage in an action to which the plaintiff herein was a party but to which the defendant herein was not a party and of which he had no notice, that none of the defendants in the foreclosure action redeemed, and the title to the property became absolute in the first mortgagee; that the value of the property was more than sufficient to pay all encumbrances on it including the second mortgage; and further alleged that the plaintiff herein had negligently and wilfully failed to notify the defendant herein of the pendency of the foreclosure action as a result of which he was deprived of his security and his equity in the mortgaged premises.  The plaintiff demurred to the counterclaim upon the ground that the defendant was not entitled to notice from the plaintiff of the pendency of the foreclosure proceedings, and the court sustained the demurrer.

A demurrer is to be tested by the allegations of the pleading demurred to, which cannot be aided by the assumption of any fact not therein alleged.  *Ryan* v. *Knights of Columbus,* 82 Conn. 91, 92, 72 Atl. 574; *Tomes* v. *Thompson,* 112 Conn. 190, 198, 151 Atl. 531. Since, however, the parties and the trial court have

assumed the existence of certain facts alleged in the complaint but not in the counterclaim, we shall follow them in that course.

The undertaking of the defendant under his assumption agreement was that if he should fail to pay these mortgage notes in accordance with his contract, and the plaintiff in consequence thereof became liable to satisfy them, then the defendant would make good the resulting damage. *Trotta* v. *Prete,* 112 Conn. 442, 445, 152 Atl. 585. That situation has arisen as to the second mortgage note, and the defendant's liability to the plaintiff for the amount due thereon follows unless he has been relieved therefrom by the failure of the plaintiff to notify him of the pendency of the suit to foreclose the first mortgage. Having disposed of his equity of redemption, and not being a maker of that mortgage, he was not a necessary party to the foreclosure action. The claimed duty of the plaintiff to notify the defendant of the pendency of the foreclosure action is rested upon an analogy sought to be drawn between the position of the defendant, and that of a surety who is held to the exonerated from the payment of the debt for which he is surety, to the extent that the creditor has surrendered or permitted to be lost or impaired the securities in his control which are applicable to the debt. Stearns, Law of Suretyship (3d Ed.) § 99. As between a mortgagor and one to whom he transfers the equity of redemption and who assumes and agrees to pay the mortgage, by the assumption agreement the latter becomes the principal and the former the surety with a right of recourse against his principal if he is compelled to pay the debt. *Trotta* v. *Prete, supra,* p. 445. The mortgagor has the right to have the mortgaged property applied to the payment of the mortgage debt so far as necessary for his protection against his personal liability

for the debt secured. If, therefore, the mortgagee releases the mortgage or a portion of the mortgaged premises to a purchaser who has assumed the mortgage the mortgagor is relieved of liability to the extent of the value of the security of which he has thus been deprived. *Townsend Savings Bank* v. *Munson,* 47 Conn. 390; *Goodwin* v. *Jackson,* 97 Conn. 358, 116 Atl. 617; *First National Bank & Trust Co.* v. *Strong,* 112 Conn. 412, 152 Atl. 575; 2 Jones, Mortgages (8th Ed.) § 839. It has been held that the same rule applies where the grantee of the mortgagor does not assume and agree to pay the mortgage but merely takes the property subject to the mortgage. *North End Savings Bank* v. *Snow,* 197 Mass. 339, 83 N. E. 1099; 41 A. L. R. 294.

The plaintiff is not a mortgagee who is seeking to enforce the personal liability of a mortgagor. He is the mortgagor who has himself been foreclosed out by the first mortgagee, but who is still personally liable upon the second mortgage from which liability he is entitled to be held harmless by the defendant. It is true that if he had redeemed the first mortgage he could not have recovered from the defendant, assuming the latter to occupy the position of a surety, so long as the property was of sufficient value to cover both mortgages, for under those circumstances he would have suffered no loss by reason of the defendant's failure to pay the second mortgage. Also, if there had been a foreclosure by sale of the first mortgage and the property had realized sufficient to cover both mortgages, the defendant, upon the same assumption, would have been relieved of liability to the plaintiff because both mortgages would have been paid. But the plaintiff was not required to redeem or to apply for a foreclosure by sale. Nor can we see upon what theory he could be said to owe a duty to the

defendant to notify him of the foreclosure proceedings. He was under no obligation to protect the defendant from the extinguishment of the security of the second mortgage note. Per contra, the defendant's obligation under the assumption agreement was to protect the plaintiff against the liability upon this note.

The defendant contends that the plaintiff, by permitting the equity of redemption to become valueless, has placed himself in the position of a mortgagee who, by releasing the mortgage, has deprived the mortgagor of his security and therefore released him, to that extent, from his personal obligation to pay the debt. The equity of redemption became valueless as a result of the plaintiff's failure to redeem the first mortgage, but we do not understand the defendant to claim that he was under any obligation to redeem it. The sole complaint is that he failed to notify the defendant of the foreclosure action. In *Barnes* v. *Upham*, 93 Conn. 491, 107 Atl. 300, the defendant gave the plaintiff a second mortgage and later transferred the equity of redemption. The first mortgagee foreclosed, making the plaintiff a party, but not the defendant. The plaintiff gave the defendant no notice of the pendency of the foreclosure of the first mortgage and permitted the security for the second mortgage to be extinguished though it was of great value. It was there claimed that the defendant, after having parted with the equity of redemption, was entitled to notice of the pendency of the foreclosure of the first mortgage, and that it was the duty of the second mortgagee, if she elected not to redeem, to give such notice in case she desired to hold the defendant on the note. We held that the plaintiff was legally and equitably entitled to assume that if the defendant chose to part with the equity and with his right to notice of foreclosure proceedings, he would protect his own interest in his own way and that

the plaintiff was under no equitable obligation to give him such notice. The plaintiff in that case was the holder of the second mortgage and, under the authorities above cited, would not have been permitted to jeopardize the defendant's rights by affirmatively relinquishing his mortgage security. If there was no obligation upon the plaintiff mortgagee in the *Barnes* case to protect the security by redemption of the first mortgage or by notice to the mortgagor of its foreclosure, still less could there be any upon the present plaintiff who was the mortgagor and held no security to be maintained for the protection of the defendant. In an annotation to *Barnes* v. *Upham* in 6 A. L. R. 499, it is stated that no other cases had been found where the basis of the mortgagor's defense was, not some affirmative action by the mortgagee, but merely an omission to protect the security by redemption or by notice to the mortgagor so that he might take such action as he deemed desirable. None of the cases cited by the defendant reach that question and our own research has not disclosed any that do except our own recent case of *Chauser* v. *Cama,* 106 Conn. 390, 138 Atl. 157, in which, upon a similar state of facts, we reaffirmed our decision in the *Barnes* case. Upon the authority of that case, the trial court correctly sustained the demurrer to the defendant's counterclaim.

After judgment was rendered in favor of the plaintiff, and the defendant had appealed, assigning as error the ruling of the court upon the demurrer, the plaintiff filed a motion to reopen the judgment upon the ground that, through inadvertence, the amount of the judgment rendered was that of the interest due upon the mortgage note in suit instead of the amount of the principal of the note with interest. This motion was denied by the court (*Jennings, J.*) and the plaintiff thereafter filed a second motion seeking a reopening

of the judgment upon the same ground, which was granted by the court (*John Richards Booth, J.*). The judgment was reopened and a new judgment entered for the amount due upon the note, and the defendant appealed claiming (1) that the decision upon the first motion was *res adjudicata,* and (2) that the court had no power to open the judgment. No question of the law of *res adjudicata* was involved. A judge is not bound to follow the decisions of another judge made at an earlier stage of the proceedings, and if the same point is again raised he has the same right to reconsider the question as if he had himself made the original decision. *Wiggin* v. *Federal Stock & Grain Co.,* 77 Conn. 507, 516, 59 Atl. 607; *Pettee* v. *Hartford-Connecticut Trust Co.,* 105 Conn. 595, 609, 136 Atl. 111. The court, through inadvertence, entered judgment for the amount of the interest only upon the debt instead of for the amount due. Upon discovery of such mistake it was clearly within the power of the court, and its duty, upon its own motion or that of one of the parties, to make the correction of the obvious error in the amount of the judgment.

There is no error upon either appeal.

In this opinion the other judges concurred.