[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 3248
The plaintiff, Amy Conway, filed a complaint in three counts against David Dixon, Director of Parks and Recreation for the Town of Wilton, the Town of Wilton and Connecticut Association of Schools ("CAS"). The plaintiff alleges that she was injured while participating in the class L State High School Tennis Tournament when, during a match, she twisted her ankle and knee because of a drop-off at the edge of the tennis court at Wilton High School and fell into a fence and then to the ground.
Count one of the complaint alleges that defendant Dixon was negligent in designing and or maintaining the tennis court with unreasonable defects; in maintaining the court in the dangerous, defective and unsafe condition and failing to inspect and remedy defects, including maintaining the court surface short of the enclosing fence.
Count two, directed against the Town of Wilton, alleges the defendant is liable for the acts of the defendant Dixon pursuant to the provisions of Section 7-465 of the General Statutes because Dixon was acting in the performance of his duties and within the scope of his employment as Parks and Recreation Director of the Town of Wilton.
Count three incorporates the allegations of the first count and further alleges that the defendant CAS failed to inspect the tennis courts so as to ascertain their dangerous, defective and unsafe condition; it failed to have the Town of Wilton remedy said defects; it failed to properly supervise the running of said tournament so as to remedy the risk of said dangerous court; and it failed to exercise the care of a reasonably prudent person under the circumstances.
The defendants filed motions for summary judgment on the ground that there was no genuine issue of material fact raised by the pleadings and, therefore, they were entitled to summary judgment as a matter of law.
Section 384 of the Practice Book provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." "Once the moving party has presented evidence CT Page 3249 in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. `mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court . . .'" Burns v. Hartford Hospital,192 Conn. 451, 455 (1984) (Citations omitted.)
"In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) See, Scrapchansky v. Plainfield, 226 Conn. 446, 450 (1993).
The motions for summary judgment present the following questions:
1) Whether the doctrine of law of the case precludes a trial judge from considering a motion for summary judgment where the defendants move on the same grounds claimed by one defendant in a motion to strike that was denied following a hearing at short calendar.
2) Whether an interscholastic tennis tournament is a "recreational purpose" pursuant to the provisions of Section 52-557f(4) of the General Statutes.
3) Whether the statutory immunity provided by Sections 52-557f
and g shield the defendants herein from any liability.
The decision on a motion to strike filed by the defendant CAS was rendered prior to the Supreme Court's decision in Manning v. Barenz, 221 Conn. 256 (1992). A coordinate superior court judge is not bound by the ruling of another superior court judge and may, under appropriate circumstances, effectively reverse an earlier ruling of another superior court judge. See, Breen v. Phelps,186 Conn. 86, 100 (1982); Santoro v. Kleinberger, 115 Conn. 631, 638
(1932).
The phrase "recreational purpose" as set forth in Section 52-557f, et seq., is to be construed liberally, particularly in light of the fact that it is expressly not limited in the statutory definition . . . see, Manning v. Barenz, supra, and Scrapchansky v. Plainfield, 226 Conn. 446, 454-458 (1993). CT Page 3250
The court concludes that, for purposes of Section 52-557f, et seq., the tennis tournament at issue in this case was one of the recreational uses contemplated by the statute.
The Recreational Land Use Act provides immunity from claims of liability to those who fall within the statutory definition of "owner." The defendants, in seeking summary judgment, contend that they fall within the statute's protection and that the term "owner" is broadly defined in the statute. The court agrees.
Section 384 of the Practice Book provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Connecticut Bank Trust Co. v. Carriage Lane Associates, 219 Conn. 772, 780-81 (1980).
The plaintiff's objection to the motions and her arguments in support of that objection seek to impose limitations on the statute that would undermine the purpose of the act to make land accessible for recreational use by the public. The holdings in both Manning and Scrapchansky are instructive as well as controlling. The court necessarily concludes that the defendants fall within the purview of the statutory definition of "owner" and, therefore, are immune from liability.
The motions for summary judgment are granted.
BY THE COURT
LEANDER C. GRAY, JUDGE